# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § § **vs.** § § § § **DAVID CHASE DURRETT (1)** § | **CASE NO. 6:14-CR-33-JCB** |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On January 27, 2022, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Assistant Federal Defender Ken Hawk.

### *Background*

After pleading guilty to the offense of Possession of an Unregistered Firearm, a Class C felony, Defendant David Chase Durrett was sentenced on September 23, 2015 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of II, was 108 to 120 months. Defendant was sentenced to 75 months of imprisonment to be followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, acquiring a GED, and substance abuse testing and treatment.

Defendant completed his term of imprisonment and started his term of supervised release on July 19, 2019. The case was reassigned to United States District Judge J. Campbell Barker on August 25, 2021.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on November 30, 2021, United States Probation Officer Daisy Pridgen alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested for the offense of possession of a controlled substance less than 1 gram (state jail felony) in Gun Barrel City on June 16, 2021. It is further alleged that Defendant pled guilty and was sentenced to 120 days of confinement. [1]

2. **Allegation 2 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant was arrested for the offense of possession of a controlled substance less than 1 gram (state jail felony) in Gun Barrel City on June 16, 2021. It is further alleged that Defendant pled guilty and was sentenced to 120 days of confinement.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

---

[1] Defendant pled guilty in state court to a misdemeanor and was sentenced to 120 days of confinement.

Under the Sentencing Guidelines, which are non-binding,[2] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing a controlled substance as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The guidelines provide that Defendant's guideline range for a Grade B violation is 6 to 12 months of imprisonment.

### *Hearing*

On January 27, 2022, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of seven months of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Fort Worth due to his significant medical issues. In the alternative, he requests FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should

---

[2] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

be revoked and that he should be sentenced to seven months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to seven months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Fort Worth or in the alternative FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to seven months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 27th day of January, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE